IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHOU VU HEU, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 05-1030-CV-W-SOW |
| | ) |
| TOYO MACHINERY & METAL | ) |
| CO., LTD., et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

Before the Court are plaintiffs' Motion to Remand (Doc. #5) and plaintiffs' Motion to File Second Amended Petition (Doc. #6). Both of these motions have been fully briefed by the parties. For the reasons stated below, plaintiffs' motions are denied.

I. Plaintiffs' Motion to File Second Amended Petition

As an initial matter, on the same day plaintiffs filed their Motion to Remand, they filed a Motion to File Second Amended Petition (Doc. #6) with Suggestions in Support. The reason given by plaintiffs for filing a Second Amended Petition is "to more fully set forth their allegations against Defendants, including Defendant Lowery." The inclusion of Gary Lowery as a named defendant in the above-captioned case is the key issue in evaluating the removal of this case from the Circuit Court of Jackson County, Missouri and plaintiffs' Motion to Remand.

A plaintiff may not amend a complaint in order to state a claim against a non-diverse defendant in order to divest the federal court of jurisdiction. Henderson v. Shell Oil Co., 173 F.2d 840, 842 (8th Cir. 1949); Cavallini v. State Farm Mutual Auto-Insurance Co., 44 F.3d 256, 265 (5th Cir. 1995). The Court will not allow plaintiffs to amend their Petition at this time.

## II. Plaintiffs' Motion to Remand

Pursuant to 28 U.S.C. §1447(c), plaintiffs ask this Court to remand the above-captioned case to the Circuit Court of Jackson County, Missouri. This lawsuit arises from injuries plaintiff Chou Vu Heu suffered while operating an injecting molding machine at her place of employment, SIKA Corporation. SIKA Corporation is not a party to this action.

### A. Background

The machine at issue in this case was designed and manufactured by defendant Toyo Machinery & Metal Co., LTD. (hereinafter "Toyo"). The machine was allegedly sold, distributed, installed, and maintained by defendant Maruka USA, Inc. (hereinafter "Maruka"). Plaintiffs have also named as a defendant Gary Lowery. Lowery is an employee of defendant Maruka.

Defendant Maruka removed this action to federal court on October 25, 2005, asserting that defendant Lowery had been "fraudulently joined" to defeat federal jurisdiction.

Plaintiffs are citizens of the State of Kansas. Defendant Toyo is a Japanese company with its principal place of business in Japan. Defendant Maruka is a New Jersey corporation. Defendant Maruka maintains an office located in Lee's Summit, Missouri. Gary Lowery is employed at defendant Maruka's Lee's Summit office. He is a citizen and resident of Missouri.

### B. Relevant Standard of Review

28 U.S.C. §1441(b) provides that a civil case that does not arise under federal law "shall be removable only if none of the parties in interest properly joined and served as Defendants is a citizen of the State in which such action is brought."

When a plaintiff has joined a non-diverse party as a defendant in a state case, a defendant may avoid remand by demonstrating that the non-diverse party was fraudulently joined. Filla v. Norfolk Southern Railway, 336 F.3d 806, 809 (8th Cir. 2003). Fraudulent joinder exists if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant. Id. at 810.

C.   Discussion

As it is undisputed that Gary Lowery is a citizen of Missouri, the sole issue before this Court is whether Lowery has properly been named as a defendant in this action. Plaintiffs' First Amended Petition alleges that Lowery was negligent. In support of this claim, plaintiffs contend that Lowery was in charge of the sale, installation, and maintenance of the machine sold to SIKA. Plaintiffs further allege that Lowery failed to ensure that the machine was properly installed; failed to ensure that the machine met applicable ANSI standards; failed to ensure that the machine was properly maintained; failed to properly instruct SIKA employees in the operation of the press; failed to instruct SIKA employees about different modes on the machine; and failed to ensure the machine was updated with the latest safety devices, including software upgrades. Plaintiffs argue that their claim against Lowery is based upon "his own tortuous conduct." Plaintiffs have not provided the Court with any authority for holding Lowery liable.

In contrast, defendant Maruka contends that plaintiffs' First Amended Petition fails to plead any facts or establish any actions by Lowery that would give rise to personal liability under Missouri law (citing State ex rel. Doe Run Resources Corp. v. Neill, 128 S.W.3d 502, 505 (Mo. banc 2004). In State ex rel. Doe Run Resources Corp. v. Neill, the Supreme Court of Missouri held that, "An individual is not protected from liability simply because the acts constituting the

3

tort 'were done in the scope and course, and pertained to, the duties of his employment.'" 128 S.W.3d at 505 (citing Curlee v. Donaldson, 233 S.W.2d 746, 754 (Mo. App. 1950)). The Missouri Supreme Court clarified that "a corporate officer may be held individually liable for tortious corporate conduct if he or she had 'actual or constructive knowledge of, and participated in, an actionable wrong.'" Id. (Citations omitted).

Maruka argues that plaintiffs' First Amended Petition fails to allege any active conduct by Lowery that resulted in or caused plaintiffs' injuries. The First Amended Petition does not allege that Lowery owed any duty to plaintiffs separate and apart from his employment with Maruka. Plaintiffs' allegations, if proven true, suggest that Lowery failed to take certain actions in his capacity as an employee of defendant Maruka. At best, plaintiffs state claims of nonfeasance which are inadequate to establish personal liability under Missouri law.

Plaintiffs have not alleged any knowledge on the part of Lowery that his actions might in some manner cause harm to plaintiff Chou Vu Heu. Therefore, plaintiffs allegations fail to establish personal liability on the part of defendant Lowery.

Plaintiffs only Reply to the arguments set forth by defendant Maruka is to claim that defendant Lowery and defendant Toyo did not timely consent to the removal of the case by defendant Maruko. This argument is without merit. Defendant Lowery, as a fraudulently joined defendant, is not required to consent to the removal. Roberts v. Palmer, 354 F. Supp.2d 1041, 1046 (E.D. Mo. 2005). Furthermore, defendant Toyo timely consented to the removal after being served with a copy of the summons and First Amended Petition on December 5, 2005.

III. Conclusion

For the reasons stated above, it is hereby

ORDERED that plaintiffs' Motion to Remand (Doc. #5) is denied. It is further

ORDERED that plaintiffs' Motion to File Second Amended Petition (Doc. #6) is denied. It is further

ORDERED that defendant Gary Lowery, having been fraudulently joined as a defendant, is dismissed from this action.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: 1-13-06

5